UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**H.B. REALTY CORPORATION,**

        **Plaintiff,**

v.                                  **Case No: 6:12-cv-1029-Orl-28DAB**

**SCORPION MARINE SALES &**
**SERVICES, INC.,**

        **Defendant.**
_____/

**ORDER**

H.B. Realty Corporation has filed a Complaint for Tenant Eviction and for Damages (Doc. 1) against Scorpion Marine Sales & Services, Inc. over alleged non-monetary breaches of a landlord-tenant agreement and unauthorized use of certain marina facilities that H.B. Realty owns. Scorpion moves to dismiss H.B. Realty's case for lack of subject matter jurisdiction[1] on the basis that the amount in controversy does not exceed $75,000.[2] Because H.B. Realty has not responded to Scorpion's jurisdictional challenge with any facts suggesting that the amount in controversy exceeds $75,000, the case is dismissed for lack of subject matter jurisdiction.

---

[1] Scorpion also argues in the alternative that the Court should decline to exercise jurisdiction on the basis of forum non conveniens. Having concluded that H.B. Realty's claims do not satisfy the amount-in-controversy requirement, the Court will not address this alternative argument.

[2] This case is before the Court on Scorpion's Verified Motion to Dismiss (Doc. 7) and H.B. Realty's Response (Doc. 8).

**I. Background**

Scorpion subleases real property in Port Canaveral, Florida from H.B. Realty.[3] On March 1, 2012, H.B. Realty sent a notice of default to Scorpion demanding that Scorpion cure a number of non-monetary defaults under its sublease. The alleged defaults consisted of fire code violations and a failure to carry certain forms of insurance.[4] H.B. Realty also owns a number of improvements—including wet slips, a travel lift slip, forklift slips, and a fuel dock—and claims that Scorpion uses them without permission.

H.B. Realty now seeks a judgment of possession for the subleased property, an award of damages for the non-monetary breaches, a declaratory judgment regarding whether Scorpion has a right to use the improvements, and attorney's fees.

**II. Analysis**

Under 28 U.S.C. § 1332, federal district courts have jurisdiction over any civil case in which the parties are "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Plaintiffs have the "'burden both to allege with sufficient particularity the facts creating jurisdiction . . . and, if appropriately challenged . . . to support the allegation.'" Morrison v. Allstate

---

[3] The property is located at 960 Mullet Road, Port Canaveral, Florida 32920. (Compl. ¶ 5).

[4] The notice of default listed the following code violations: "[f]ailure to properly install and schedule inspection of required Fire Alarm system," "[f]ailure to provide parking for the ships store . . . [as] required on the original site plan," failure to test a "[m]anual wet standpipe system . . . in dry boat storage," and "block[ing] entrance to north dry boat storage area." The letter also noted that Scorpion appeared not to carry certain forms of insurance and requested Scorpion either to explain why it was not required to carry such insurance or to provide proof of coverage. (Doc. 1-4).

Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938)).  Although "a court owes some deference to a diversity plaintiff's amount in controversy allegations, and should dismiss the suit for lack of jurisdiction only when 'it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy],' that deference does not eviscerate the court's obligation to scrupulously enforce its jurisdictional limitations."  Id. at 1272 (internal citation omitted) (alteration in original) (quoting St. Paul, 303 U.S. at 289).  "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury."  Diefenthal v. Civil Aeronautics Bd., 681 F.2d 1039, 1052 (5th Cir. 1982).  For these reasons, "a conclusory allegation that the amount in controversy requirement is satisfied [is] insufficient to sustain jurisdiction once that allegation is challenged."  Morrison, 228 F.3d at 1272 n.17.  Moreover, the monetary value of the benefit a plaintiff will receive from equitable relief must be sufficiently measurable and certain to satisfy the amount-in-controversy requirement.  See, e.g., id. at 1268-69; Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 221-22 (11th Cir. 1997).

H.B. Realty fails to satisfy these standards.  As Scorpion argues, it appears that H.B. Realty has filed a "run of the mill landlord-tenant case" in federal district court without pleading any specific facts suggesting that its claims could satisfy the $75,000 amount-in-controversy requirement.  (Mot. Dismiss at 1).

H.B. Realty responds to Scorpion's jurisdictional challenge only with conclusory statements that the value of each of its claims exceeds $75,000 and the bald assertion

that the exhibits attached to the Complaint support its allegations. H.B. Realty states that these exhibits "provide additional factual support underlying Plaintiff's *bona fide* allegations as to the required amount in controversy, such as the lease terms, monetary values, and various claims of default," (Pl.'s Resp. at 3), but it has not pointed to any particular facts in the exhibits or otherwise explained how the exhibits support the jurisdictional amount.[5]

Having reviewed these exhibits, the Court sees nothing in them to indicate how H.B. Realty's claims could satisfy the $75,000 amount-in-controversy requirement. Although the Assignment and Assumption of Sublease lists the subleased property's assessed value for 2010,[6] H.B. Realty does not claim that Scorpion is in monetary default, so it is not apparent how the property's assessed value relates to the value of a potential eviction. The exhibits also do not contain any facts indicating how Scorpion's alleged non-monetary defaults could translate into damages or showing the potential value to H.B. Realty of a declaratory judgment resolving Scorpion's right to use the contested improvements.

In sum, H.B. Realty's conclusory response fails to support the amount-in-controversy requirement. Because H.B. Realty has not shown that the value of its case exceeds $75,000, the case is dismissed without prejudice for lack of subject matter jurisdiction.

---

[5] These exhibits, totaling 108 pages, consist of a Sublease (Doc. 1-2), an Assignment and Assumption of Sublease (Doc. 1-3), a Notice of Default (Doc. 1-4), and a Joint Venture Agreement (Doc. 1-5).

[6] A document in Exhibit B to the Assignment and Assumption of Sublease lists the assessed total value of the land and improvements at 960 Mullet Road as $600,000. (Doc. 1-3 at 33).

## III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Scorpion's Motion to Dismiss (Doc. 7) is **GRANTED** with respect to subject matter jurisdiction and **DENIED** as moot with respect to forum non conveniens.

2. H.B. Realty's Complaint for Tenant Eviction and for Damages (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 14, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record